IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>J.P. MORGAN CHASE BANK N.A.,<br><br>  Defendant. | CIVIL ACTION<br><br>NO. 24-5631-KSM |

MEMORANDUM

Marston, J.                                                                                                                                        March 18, 2025

*Pro se* Plaintiff Gary Johnson brings five claims against Defendant J.P. Morgan Chase Bank, N.A. ("Chase") for violations of the Fair Credit Reporting Act ("FCRA"). (Doc. No. 1-1.) Chase has moved to dismiss Johnson's Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Chase's motion is granted, and Johnson's Complaint is dismissed with prejudice.

I.   BACKGROUND

In early 2024, Johnson reviewed consumer reports furnished by non-parties Equifax and TransUnion. (Doc. No. 1-1 at 9–10.) Each report included three negative tradelines, which showed that credit card accounts Johnson held with Chase had been listed as a "charge off."[1] (*See id.*; *see also id.* at 20–25 (Equifax report); *id.* at 32 (TransUnion report).) Johnson disputed the tradelines with Equifax and TransUnion, claiming that they reflected "inaccurate and incomplete" information. (*Id.* at 9–10; *see also id.* at 17–18 (Equifax dispute letter); *id.* at 27–28

---

[1] A charge off on a credit report typically means a creditor has written off a debt as a loss. (*See, e.g.*, Doc. No. 1-1 at 32 (remarking that the accounts were "closed by credit grantor" with the "unpaid balance charged off").)

(TransUnion dispute letter).)  The companies investigated and based on additional information that they received from Chase, "verified [the accounts] belong[ed] to [Johnson] and updated" the reports to reflect historical data for each account.  (*Id*. at 32; *see also id.* at 20, 22, 24 ("We verified that this item belongs to you.  This account has been updated.  Additional information has been provided from the original source regarding this item.").)  The updated reports show that Johnson was current on each account until late 2022 or early 2023, when he ceased paying the amounts owed, and Chase ultimately closed each account and placed it into charge off status.  (*See id.* at 20–25, 32.)

On September 27, 2024, Johnson initiated this action against Chase in the Municipal Court of Philadelphia County.  (*Id.* at 6.)  He alleges that Chase "did not investigate the 3 tradelines as required" and that it failed to "furnish[ ] complete, accurate and verifiable information to" Equifax and TransUnion.  (*Id.* at 10–11.)  He asserts five claims of relief for violations of 15 U.S.C. § 1681s-2(b)(1)(A)–(E).  (*See* Doc. No. 1-1 at 12–15.)  Chase removed the case to this Court on October 23, 2024 (Doc. No. 1) and simultaneously moved to dismiss the Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 5).  It argues that Johnson's FCRA claims fail because Johnson has not alleged any facts from which the Court can find that Chase reported inaccurate information to Equifax and TransUnion.  (*See* Doc. No. 5-1 at 9–10 (describing this as a "threshold showing" (quoting *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019)).)  Chase also argues that any dismissal should be with prejudice and without leave to amend.  (*Id.* at 12.)  The Court addresses each issue in turn.

## II. MOTION TO DISMISS

The Court begins with Chase's motion to dismiss under Rule 12(b)(6).

### A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Facial plausibility" is when a plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" is not the same as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Although a plaintiff does not need to include "detailed factual allegations" to survive a Rule 12(b)(6) motion, the plaintiff must "provide the grounds of his entitlement to relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted); *see also Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (explaining that the court "must accept the allegations in the complaint as true, but [is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation" (quotation marks omitted)). In other words, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements are not entitled to an assumption of truth." *Ashcroft*, 556 U.S. at 678. Instead, the operative complaint must contain *factual allegations* that "raise a right to relief above the speculative level." *Bell*, 550 U.S. at 555; *see also Ashcroft*, 556 U.S. at 678 (explaining that if "well-pleaded factual allegations" remain after the court has disregarded conclusory statements, the court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief").

B.     **Analysis**

Johnson brings five claims for violations of § 1681s-2(b)(1) of the FCRA. (Doc. No. 1-1 at 12–15.) Section 1681s-2 contains two sections relevant to this matter. In the first, § 1681s-2(a), the FCRA imposes a general duty on furnishers of information, like Chase, to "provide accurate information" about consumers when reporting to consumer reporting agencies, like Equifax and TransUnion. In the second, § 1681s-2(b)(1), the FCRA imposes specific duties on furnishers when they are notified that a consumer disputes the information that they provided to the reporting agency. As relevant here, the furnisher must:

> (A)     conduct an investigation with respect to the disputed information;
>
> (B)     review all relevant information provided by the consumer reporting agency . . . ;
>
> (C)     report the results of the investigation to the consumer reporting agency;
>
> (D)     if the investigation finds the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the [furnisher] furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E)     if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation . . . for purposes of reporting to a consumer reporting agency only, if appropriate, based on the results of the reinvestigation promptly— (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1)(A)–(E).

Although there is no private cause of action for violation of the general duty outlined in § 1681s-2(a), consumers may bring suit for violations of the specific duties outlined in § 1681s-2(b), as Johnson has done here. *See Eades v. Wetzel*, 841 F. App'x 489, (3d Cir. 2021) (explaining that § 1681s-2(b) is "the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information"); (*see also* Doc. No. 1-1 at 12–

15 (framing his claims as premised on violations of § 1681s-2(b)(1)(A)–(E)). To state such a claim, the plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of the information failed to investigate and modify the inaccurate information." *Pressley*, 415 F. Supp. 3d at 513 (quotation marks omitted). In addition, as a "threshold matter," the plaintiff must allege facts from which the court can find that the information furnished to the reporting agencies and included in his credit report was "inaccurate." *See, e.g.*, *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629 (6th Cir. 2018) (holding that "a threshold showing of inaccuracy or incompleteness is necessary in order to succeed on a claim under § 1681s-2(b)"); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 298 (E.D. Pa. Dec. 7, 2021) ("[C]ourts have explicitly held that a showing of inaccuracy is essential to a § 1681s-2(b) claim in regard to furnishers of credit information." (quotation marks omitted)) (collecting cases); *id.* at 302 ("Considering this construction of § 1681s-2, the Court agrees that there must be some threshold showing of inaccuracy to make a claim against a furnisher."); *Ostrander v. Trans Union LLC*, CIVIL ACTION NO. 20-5227, 2021 WL 3271168, at *11 (E.D. Pa. July 30, 2021) (finding "persuasive the reasoning of 'courts that have explicitly held that a showing of inaccuracy is essential to a § 1681s-2(b) claim'" (quoting *Gatanas v. Am. Honda Finance Corp.*, Civ. A. No. 20-17788 (KM) (JBC), 2020 WL 7137854, at *3 n.3 (D.N.J. Dec. 7, 2020))); *cf. Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) ("[A]n element of Williams's FCRA claims" against the reporting agency "was the inclusion in his credit report of information that was 'inaccurate.'" (quoting *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342–44 (3d Cir. 2022)).

Here, Chase argues that Johnson has failed to satisfy this threshold showing. (Doc. No. 5-1 at 8–12.) The Court agrees. Johnson states in conclusory fashion throughout the Complaint that the information furnished by Chase is "false, inaccurate, incomplete, and unverifiable." (Doc. No. 1-1 at 2 ("Plaintiff is seeking damages against the Defendant for violating the FCRA by furnishing incomplete, inaccurate, and unverifiable information about the Plaintiff to the consumer reporting agencies."); *id.* at 9 ("The 3 tradelines furnished by the Defendant to Equifax is false, inaccurate, incomplete, and unverifiable."); *id.* at 10 ("The 3 tradelines furnished by the Defendant to TransUnion is false, inaccurate, incomplete, and unverifiable."); *id.* at 11 ("Defendant has failed to comply with the requirements of the Fair Credit Reporting Act by not furnishing complete, accurate and verifiable information to the Consumer Reporting Agencies."); *id.* at 13 ("Defendant failed to comply with the requirements of the Fair Credit Reporting Act by not reporting true, accurate, complete, and verifiable information to the Consumer Reporting Agencies.").) He similarly uses conclusory and vague assertions of "inaccurate and incomplete information" in his dispute letters to Equifax and TransUnion (*see* Doc. No. 1-1 at 17, 27), and in his opposition to the motion to dismiss (*see* Doc. No. 6 at 5, 9, 11).

The Court cannot accept these conclusory allegations as true for purposes of this motion. *See Castleberry*, 863 F.3d at 263 (explaining that the court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation" (quotation marks omitted)). Instead, Johnson must allege *facts* that show why the information is inaccurate; for example, facts showing that the information "was inaccurate because he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his." *Williams*, 2024 WL 3439776, at *1 n.2. Because he has not done so, the Court grants Chase's motion to dismiss. *See Holland*, 574 F.

Supp. 3d at 302 ("Because the Court has already determined that Mr. Holland's reports contained no inaccurate information, Mr. Holland's claim against USAA also collapses."); *Ostrander*, 2021 WL 3271168, at *12 (granting judgment on the pleadings in favor of the defendant furnisher because "[a]s reported, the credit information was not inaccurate or misleading as a matter of law, and the plaintiff has therefore failed to meet the 'threshold of inaccuracy or incompleteness' for his section 1681s-2(b) claim" (quoting *Pittman*, 901 F.3d at 629).

### III. LEAVE TO AMEND

Having found dismissal appropriate, the Court must determine whether Johnson should be given leave to amend.

Chase argues that Johnson "should not be granted leave to amend his Complaint because amendment would be futile." (Doc. No. 5-1 at 12.) Citing *Ostrander*, Chase reasons that because Johnson "failed to identify in his dispute letters [to Equifax and TransUnion] the specific information disputed as inaccurate, any amendment would be to no avail." (*Id.*) But *Ostrander* held that a consumer must allege *in the complaint* that the furnished information is inaccurate, not that the consumer must explain the inaccuracy in the dispute letter that they send to the credit reporting agency. *See Ostrander*, 2021 WL 3271168, at *11–12 (discussing the "threshold" showing of inaccuracy or incompleteness that is required to state a claim under § 1681s-2(b)). *Ostrander* is also distinguishable from this case because there, the parties did not "dispute that the credit report says what it says; there only dispute concerns how the credit report should be interpreted and whether it is patently incorrect or misleading *as a matter of law*." *Id.* at *12 (emphasis added). Here, by contrast, Johnson disputes the accuracy of the information contained in the credit report; he just has not explained the nature of his dispute. *See Williams*, 2024 WL 3439776, at *1 n.2 (explaining that information could be inaccurate for any number of fact-based

7

reasons, including "because [the plaintiff] did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his").

Nevertheless, the Court declines to grant Johnson leave to amend. In a recent FCRA case involving a pro se plaintiff, the Third Circuit emphasized that in "non-civil rights cases like this one, a plaintiff who wants to amend must request leave to amend by filing a motion to amend and a proposed amended complaint." *Williams*, 2024 WL 3439776, at *2 (collecting cases). Despite providing a lengthy opposition to Chase's arguments in support of dismissal, Johnson does not address Chase's arguments related to amendment. (*See generally* Doc. No. 6.) Neither has he requested leave to amend should the Court find his pleadings insufficient, let alone formally moved for leave to amend. *See Williams*, 2024 WL 3439776, at *2. Last, the Court finds it telling that to date, Johnson has never explained why the information furnished by Chase is allegedly inaccurate or incomplete. This omission is telling given that Johnson has brought many consumer right actions in recent years in this District, and he is familiar with the requirement that he must provide sufficient factual allegations in his initial pleadings. *See, e.g.*, *Johnson v. Am. Recovery Serv.*, Civil Action No. 2:24-cv-01591-KSM, 2024 WL 4426139, at *3 (E.D. Pa. Oct. 4, 2024) ("Because Johnson has not sufficiently pleaded that Bank of America—and by extension, ARS and IRS—lacked a 'present right to possession of the [Jaguar] claimed as collateral through an enforceable security interest.'"); *Johnson v. Am. Recovery Serv.*, Civil Action No. 2:24-cv-01591-KSM, 2024 WL 5170744, at *4 (E.D. Pa. Dec. 18, 2024) (dismissing FDCPA claims for failure to cure previously identified pleading deficiencies).

Accordingly, the Court's dismissal is with prejudice and without leave to amend. *See Williams*, 2024 WL 3439776, at *2 ("Williams did not move for leave to amend or even mention the possibility of amendment in the District Court. Nor has he specified how he could amend his

8

complaint even in his filings on appeal.  Thus, we cannot say that the court abused its discretion in dismissing his complaint without leave to amend.").

## IV.     CONCLUSION

Chase's motion to dismiss is granted, and Johnson's Complaint is dismissed with prejudice.  An appropriate order follows.